

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2003

# USA v. Queen

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3970

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Queen" (2003). *2003 Decisions.* Paper 347.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/347

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3970

UNITED STATES OF AMERICA

v.

KEVIN QUEEN, a/k/a "Ya Ya,"
Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim 01-cr-00615)
District Judge:  Honorable Mary Little Cooper

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 18, 2003
Before:  McKEE, BARRY, and WEIS, Circuit Judges.
(Filed : July 23 2003)

_____

OPINION

WEIS, Circuit Judge.

        As a result of a plea bargain with the prosecution, defendant pleaded guilty

to one count of distribution, and possession with intent to distribute crack-cocaine, in

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  As part of the agreement, defendant

1

stipulated that he was a career criminal.

The District Court sentenced the defendant to 151 months of imprisonment, a $500 fine, and a three-year term of supervised release. At the defendant's request, his counsel filed this appeal and, following a review of the record, prepared an *Anders* brief. The defendant also filed a pro se brief on his own behalf, raising a number of issues.

Defendant first alleges error because counsel failed to argue that defendant was taking medicine for mental illness. Upon review of the record, though, it appears that the District Court was aware of this fact, but nevertheless declined a downward adjustment on the basis of diminution of responsibility. As a result, this Court lacks jurisdiction to hear such a discretionary ruling. United States v. McQuilken, 97 F.3d 723 (3d Cir. 1996).

Insofar as defendant's assertions can be considered as a claim for ineffective assistance of counsel, the matter is not properly before the Court on direct appeal, but may be raised in a motion under 28 U.S.C. § 2255.

Defendant also alleges that the Court erroneously assigned criminal history points for convictions that were 15 and 16 years old. However, because defendant was still serving sentences for those crimes after May 1996, they were properly considered in the Guideline computation. In any event, the defendant would have been placed in the career criminal category because of his other convictions and the stipulation in the plea agreement.

Defendant also alleges that he was "set up" by the police on August 30, 2002. Even if true, the assertion is irrelevant because the defendant was sentenced on the basis of count one, which did not refer to any incident on August 30, 2002. Rather, the judgment referred only to a sale of crack-cocaine that occurred on May 15, 2001.

Defendant also contends that he should have received "credit" for participating in a proffer session. Defendant did not raise this issue in the District Court and, moreover, did not enter into a cooperating plea agreement with the government. This contention must be considered to have been waived. We find no plain error in the failure to apply a downward departure. See United States v. Brannan, 74 F.3d 448 (3d Cir. 1996).

Defendant also asserts error because defense counsel failed to object to the offender designation. However, the record demonstrates that defense counsel did contend that the career offender status over-represented the defendant's actual criminal history. Over this objection, nonetheless, the District Court found that the defendant had at least five predicate convictions which suffices to establish career offender status. The record before us refutes any claim of inadequate representation because those points were specifically raised and carefully considered.

Finally, defendant points out that individuals with more extensive criminal histories have received downward departures. Plaintiff submits no evidence of analogous cases to support that allegation and, therefore, it lacks merit.

We have studied the record of the plea hearing and the sentencing proceedings and find no error.

Accordingly, we will affirm the Judgement of the District Court, and grant defense counsel's motion to withdraw. The issues presented in this appeal lack legal merit and, thus, counsel is not required to file a petition for *certiorari* with the Supreme Court. See Third Circuit L.A.R. 109.2. Insofar as the first contention of the claim of inadequate representation may be considered, it will be reserved for any section 2255 motion that defendant may file.

_____

TO THE CLERK:

Please file the foregoing Opinion.

/s/ Joseph F. Weis, Jr.
United States Circuit Judge

5